# EXHIBIT B

10/8/2019 3:13:08 PM
Marilyn Burgess - District Clerk
Harris County
Envelope No: 37483787
By: WIMBLEY, TAHJ M
Filed: 10/8/2019 3:13:08 PM

2019-74071 / Court: 234

# Marilyn Burgess –Harris County District Clerk

### Request for Issuance of Service

CASE NUMBER: _____   CURRENT COURT: _____

Name(s) of Documents to be served: **Plaintiff's Original Petition, Jury Demand and Request for Disclosure**

FILE DATE: **October 8, 2019**

SERVICE TO BE ISSUED ON (Please List Exactly As The Name Appears In The Pleading To Be Served):

Issue Service to:      **United Property& Casualty Insurance Company**
Address of Service:  **1999 Bryan Street, Suite 900**
City, State & Zip:     **Dallas, Texas 75201**

Issue Service to:      **Matthew Welch**
Address of Service:  **11542 Gold Nugget**
City, State & Zip:     **College Station, Texas 77845**

Agent (if applicable)_____

**TYPE OF SERVICE/PROCESS TO BE ISSUED**: (Check the proper Box)

| | |
|---|---|
| ☒ **Citation**   ☐ **Citation by Posting**   ☐ **Citation by Publication**   ☐ **Citations Rule 106 Service** | |
| ☐ **Citation Scire Facias**   **Newspaper**_____ | |
| ☐ **Temporary Restraining Order**   ☐ **Precept**   ☐ **Notice** | |
| ☐ **Protective Order** | |
| ☐ **Secretary of State Citation ( $12.00)**   ☐ **Capias (not an E-Issuance)**   ☐ **Attachment** | |
| ☐ **Certiorari**   ☐ **Highway Commission ( $12.00)** | |
| ☐ **Commissioner of Insurance ($12.00)**   ☐ **Hague Convention ($16.00)**   ☐ **Garnishment** | |
| ☐ **Habeas Corpus**   ☐ **Injunction**   ☐ **Sequestration** | |
| ☐ **Subpoena** | |
| ☐ **Other (Please Describe)**_____ | |

(See additional Forms for Post Judgment Service)

**SERVICE BY** (*check one*):
☐ **ATTORNEY PICK-UP (phone)** _____   ☐ **CONSTABLE**
☐ **MAIL to attorney**      at:_____

☐ **CERTIFIED MAIL by District Clerk**   ☐ **E-Issuance by District Clerk** (No Service Copy Fees Charged)
(Note:) **CAPIAS is not an E-Issuance Option**
☒ **CIVIL PROCESS SERVER - Authorized Person to Pick-up: LDM Process Service**
**Phone: (469) 291-5005**

☐ **OTHER**, *dbullock@cwilsonlaw.com*

Issuance of Service Requested By: Attorney/Party Name:  **Chad T. Wilson Law Firm, PLLC**

Bar # or ID: **24079587**

Mailing Address: **455 East Medical Center, Suite 555, Webster, Texas 77598**

Phone Number: **832-415-1432**

Certified Document Number: 87512045 - Page 2 of 2



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:      87512045 Total Pages:  2

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

 CT Corporation

**Service of Process Transmittal**
10/17/2019
CT Log Number 536452494

TO: JOHN HENLEY
UPC Insurance (NASDAQ: UIHC)
800 2ND AVENUE SOUTH
SAINT PETERSBURG, FL 33701

RE: **Process Served in Texas**

FOR: United Property & Casualty Insurance Company  (Domestic State: FL)

**ENCLOSED ARE COPIES OF LEGAL PROCESS RECEIVED BY THE STATUTORY AGENT OF THE ABOVE COMPANY AS FOLLOWS:**

| | |
|---|---|
| **TITLE OF ACTION:** | ZHAO, D1 XIANG, Pltf. vs. UNITED PROPERTY i CASUALTY INSURANCE COMPANY, Dfts. // To: United Property & Casualty Insurance Company |
| **DOCUMENT(S) SERVED:** | Citation, Petition, Attachment(s) |
| **COURT/AGENCY:** | 234th Judicial District Court Harris County, TX Case # 201974071 |
| **NATURE OF ACTION:** | Insurance Litigation |
| **ON WHOM PROCESS WAS SERVED:** | C T Corporation System, Dallas, TX |
| **DATE AND HOUR OF SERVICE:** | By Process Server on 10/17/2019 at 10:41 |
| **JURISDICTION SERVED :** | Texas |
| **APPEARANCE OR ANSWER DUE:** | By 10:00 a.m. on the Monday next following the expiration of 20 days after you were served this citation and petition |
| **ATTORNEY(S) / SENDER(S):** | Chad T. Wilson Chad T Wilson Law Firm PLLC 455 East Medical Center Blvd., Suite 555 Webster, TX 77598 832-415-1432 |
| **ACTION ITEMS:** | SOP Papers with Transmittal, via  UPS Next Day Air , 1ZX212780118815634 |
| | Image SOP |
| | Email Notification,  Legal Department  LAWSUIT@upcinsurance.com |
| | Email Notification,  Tracey Reed  treed@upcinsurance.com |
| | Email Notification,  Gilbert Rodriguez  grodriguez@upcinsurance.com |
| **SIGNED:** **ADDRESS:** | C T Corporation System 8020 Excelsior Dr Ste 200 Madison, WI 53717-1998 |
| **For Questions:** | 877-467-3525 SmallBusinessTeam@wolterskluwer.com |

Information displayed on this transmittal is for CT Corporation's record keeping purposes only and is provided to the recipient for quick reference. This information does not constitute a legal opinion as to the nature of action, the amount of damages, the answer date, or any information contained in the documents themselves. Recipient is responsible for interpreting said documents and for taking appropriate action. Signatures on certified mail receipts confirm receipt of package only, not contents.

CAUSE NO.  201974071

RECEIPT NO.                    0.00      CIV
          **********           TR # 73683275

PLAINTIFF: ZHAO, DI XIANG                                In The   234th
                vs.                                      Judicial District Court
DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY   of Harris County, Texas
                                                         234TH DISTRICT COURT
                                                         Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris


TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY (A FLORIDA INSURANCE
    COMPANY) BY SERVING ITS REGISTERED AGENT
    1999 BRYAN STREET   DALLAS TX 75201
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 8th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:
    This citation was issued on 9th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                        Harris County, Texas
455 EAST MEDICAL CENTER BLVD             201 Caroline, Houston, Texas 77002
SUITE 555                                (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                      Generated By: WIMBLEY, TAHJ MESHAE  IS1//11351266
Bar No.: 24079587

                      OFFICER/AUTHORIZED PERSON RETURN

Came to hand at _____ o'clock ___.M., on the _____ day of _____, _____.

Executed at (address) _____ in

_____ County at _____ o'clock ___.M., on the _____ day of _____,

_____, by delivering to _____ defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $_____

                              _____ of _____County, Texas

_____              By _____
       Affiant                                   Deputy

On this day, _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this _____ day of _____, _____.

                              _____
                                      Notary Public

N.INT.CITR.P                  *73683275*

10/8/2019 3:13 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37483787
By: Tahj Wimbley
Filed: 10/8/2019 3:13 PM

CAUSE NO. _____

| | | |
|---|---|---|
| DI XIANG ZHAO, | § | IN THE JUDICIAL COURT OF |
| | § | |
| *Plaintiff,* | § | |
| | § | |
| V. | § | |
| | § | |
| | § | HARRIS COUNTY, TEXAS |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY | § | |
| AND MATTHEW WELCH, | § | |
| | § | |
| | § | _____ DISTRICT COURT |
| *Defendants.* | § | |

## PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Di Xiang Zhao, ("Plaintiff"), and files **Plaintiff's Original Petition, Jury Demand, and Request for Disclosure**, complaining of United Property & Casualty Insurance Company ("UPC") and Matthew Welch ("Welch") (or collectively "Defendants") and for cause of action, Plaintiff respectfully shows the following:

### DISCOVERY CONTROL PLAN

1.  Plaintiff intends to conduct discovery under Level 3, Texas Rules of Civil Procedure 190.4 and 169.

### PARTIES

2.  Plaintiff, Di Xiang Zhao, resides in Harris County, Texas.

3.  Defendant, United Property & Casualty Insurance Company, is a Florida insurance company engaged in the business of insurance in the State of Texas. Plaintiff requests service of citation upon United Property & Casualty Insurance Company through its registered agent for service: **1999 Bryan Street, Suite 900, Dallas, Texas 75201**. Plaintiff

requests service at this time.

4.     Defendant Matthew Welch is an individual resident of College Station, Texas. Welch may be served with citation at the address listed with the Texas Department of Insurance: **11542 Gold Nugget, College Station, Texas 77845**. Plaintiff requests service at this time.

### JURISDICTION

5.     The Court has jurisdiction over UPC because this Defendant engages in the business of insurance in the State of Texas, and the causes of action arise out of UPC's business activities in the state, including those in Harris County, Texas, with reference to this specific case.

6.     The Court has jurisdiction over Welch because this Defendant engages in the business of adjusting insurance claims in the State of Texas, and the causes of action arise out of this Defendant's business activities in the State of Texas, including those in Harris County, Texas, with reference to this specific case.

### VENUE

7.     Venue is proper in Harris County, Texas because the insured property is located in Harris County, Texas, and all or a substantial part of the events giving rise to this lawsuit occurred in Harris County, Texas. TEX. CIV. PRAC. & REM. CODE § 15.032.

### FACTS

8.     Plaintiff asserts claims for fraud, breach of contract, violations of sections 541 and 542 of the Texas Insurance Code, and violations of the Texas DTPA.

9.     Plaintiff owns an United Property & Casualty Insurance Company homeowner's insurance policy, number UTD75412080242 ("the Policy"). At all relevant times, Plaintiff owned the insured premises located at 15407 Sableton Crest Cypress, Texas 77429 ("the

2

Property").

10.    UPC or its agent sold the Policy, insuring the Property, to Plaintiff.  UPC or its agent represented to Plaintiff that the Policy included wind and hailstorm coverage for damage to Plaintiff's home.  UPC has refused the full extent of that coverage currently owed to Plaintiff.

11.    On or about May 9, 2019, the Property sustained extensive damage resulting from a severe storm that passed through the Cypress, Texas area.

12.    In the aftermath of the wind and hailstorm, Plaintiff submitted a claim to UPC against the Policy for damage to the Property.   UPC assigned claim number 2019TX122428 to Plaintiff's claim.

13.    Plaintiff asked UPC to cover the cost of damage to the Property pursuant to the Policy.

14.    Damaged areas of the property include, but are not limited to the roof, vents and flashings.

15.    UPC assigned or hired Welch to adjust the claim.

   a.   Welch had a vested interest in undervaluing the claims assigned to him by UPC in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Welch. The valuation of damages that were included in Welch's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Welch.

   b.   Furthermore, Welch was aware of Plaintiff's deductible before visiting the Property to conduct the inspection. Welch had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

  c. Welch made misrepresentations as to the amount of damage Plaintiff's Property sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's Property.

  d. Welch made further misrepresentations to Plaintiff during his inspection. Welch used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

16. UPC, through its agents, namely Welch, conducted a substandard and improper inspection and adjustment of the Property, which yielded grossly inaccurate and unrealistic assessments of the cause, extent, and dollar amount of damage to the Property.

17. The initial adjustment of the claim occurred on or around May 22, 2019. Welch found that there was no damage from a covered peril to the roof of the property.

18. After application of the policy deductible, Plaintiff was left without adequate recovery to complete proper repairs on Plaintiff's home

19. To date, Plaintiff has received $0.00 for damage to Plaintiff's Property. The damage to Plaintiff's Property is currently estimated at $10,614.50.

20. Since due demand was made on August 1, 2019, UPC has not communicated that any future settlements or payments would be forthcoming to pay for the entire loss covered under the Policy, nor did it provide any explanation for failing to settle Plaintiff's claim properly.

21. As stated above, Defendants failed to assess the claim thoroughly. Based upon Defendants' grossly unreasonable, intentional, and reckless failure to investigate and adjust the claim

4

properly, UPC failed to provide full coverage due under the Policy.

22.   As a result of UPC's failure to provide full coverage, along with UPC's delay tactics to avoid reasonable payment to Plaintiff, Plaintiff has suffered damages.

23.   UPC failed to perform its contractual duties to Plaintiff under the terms of the Policy. Specifically, UPC refused to pay the full proceeds of the Policy, although due demand was made for an amount sufficient to cover repairs to the damaged Property, and all conditions precedent to recover upon the Policy were accomplished by Plaintiff.

24.   Defendants' misrepresentations, unreasonable delays, and continued denials constitute a breach of the statutory obligations under Chapters 541 and 542 of the Texas Insurance Code. Thus, the breach of the statutory duties constitutes the foundation of a breach of the insurance contract between UPC and Plaintiff.

25.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(1). Defendants have not attempted to settle Plaintiff's claim in a fair manner, even though Defendants were aware of their liability to Plaintiff under the Policy. Specifically, Defendants have failed to timely pay Plaintiff's coverage due under the Policy.

26.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(2)(A). Defendants failed to provide Plaintiff a reasonable explanation for not making the full payment under the terms of the Policy.

27.   Defendants' conduct constitutes a violation of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a)(4). Defendants refused to provide full coverage due to Plaintiff under the terms of the Policy. Specifically, UPC, through its agents, servants, and representatives, namely Welch, performed an outcome-oriented investigation

of Plaintiff's claim, which resulted in a biased, unfair, and inequitable evaluation of Plaintiff's losses on the Property.

28. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.055. Defendants failed to reasonably accept or deny Plaintiff's full claim within the statutorily mandated time after receiving all necessary information.

29. Defendants' conduct constitutes a violation of the Texas Insurance Code, Prompt Payment of Claims. TEX. INS. CODE §542.056. Defendants failed to meet their obligations under the Texas Insurance Code regarding timely payment of the claim. Specifically, Defendants have delayed payment of Plaintiff's claim longer than allowed, and Plaintiff has not received full payment for the claim.

30. Defendants' wrongful acts and omissions forced Plaintiff to retain the professional services of the attorneys and law firm representing them with respect to these causes of action.

## CAUSES OF ACTION AGAINST DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY

### BREACH OF CONTRACT

31. All allegations above are incorporated herein.

32. UPC is liable to Plaintiff for intentional violations of the Texas Insurance Code, and intentional breach of the common-law duty of good faith and fair dealing. It follows, then, that the breach of the statutory duties constitutes the foundation of an intentional breach of the insurance contract between UPC and Plaintiff.

33.  UPC's failure and/or refusal to pay adequate coverage as obligated under the terms of the Policy, and under the laws of the State of Texas, constitutes a breach of the insurance contract with Plaintiff.

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

34.  All allegations above are incorporated herein.

35.  UPC's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Settlement Practices. TEX. INS. CODE §541.060(a). All violations under this article are actionable by TEX. INS. CODE §541.151.

36.  UPC's unfair settlement practice of misrepresenting to Plaintiff material facts relating to coverage constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(1).

37.  UPC's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

38.  UPC's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(3).

39.  UPC's unfair settlement practice of failing within a reasonable time to affirm or deny coverage of the claim to Plaintiff constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(4).

7

40.   UPC's unfair settlement practice of refusing to pay Plaintiff's claim without conducting a reasonable investigation constitutes an unfair method of competition and a deceptive act or practice in the business of insurance.  TEX. INS. CODE §541.060(a)(7).

## NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: THE PROMPT PAYMENT OF CLAIMS

41.   All allegations above are incorporated herein.

42.   UPC's conduct constitutes multiple violations of the Texas Insurance Code, Prompt Payment of Claims.  All violations made under this article are actionable by TEX. INS. CODE §542.060.

43.   UPC's failure to notify Plaintiff in writing of its acceptance or rejection of the full claim within the applicable time constraints constitutes a non-prompt payment in violation of TEX. INS. CODE §542.056.

44.   UPC's delay in paying Plaintiff's claim following receipt of all items, statements, and forms reasonably requested and required, for longer than the amount of time provided, constitutes a non-prompt payment of the claim.  TEX. INS. CODE §542.058.

## BREACH OF THE DUTY OF GOOD FAITH AND FAIR DEALING

45.   All allegations above are incorporated herein.

46.   UPC's conduct constitutes a breach of the common-law duty of good faith and fair dealing owed to an insured in insurance contracts.

47.   UPC's failure to adequately and reasonably investigate and evaluate Plaintiff's claim, although, at that time, UPC knew or should have known by the exercise of reasonable diligence that liability was reasonably clear, constitutes a breach of the duty of good faith and fair dealing.

## DTPA VIOLATIONS

48.   All allegations above are incorporated herein.

49.   UPC's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by UPC pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against UPC. Specifically, UPC's violations of the DTPA include, without limitation, the following matters:

   A.   By its acts, omissions, failures, and conduct, UPC has violated sections 17.46(b)(2), (5), (7), (9), (12), (20) and (24) of the DTPA. UPC's violations include without limitation, (1) unreasonable delays in the investigation, adjustment, and resolution of Plaintiff's claim, (2) failure to give Plaintiff the benefit of the doubt, and (3) failure to pay for the proper repair of Plaintiff's property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

   B.   UPC represented to Plaintiff that the Policy and UPC's adjusting, and investigative services had characteristics or benefits that they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

   C.   UPC also represented to Plaintiff that the Policy and UPC's adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

   D.   Furthermore, UPC advertised the Policy and adjusting services with the intent not to sell them as advertised, in violation of section 17.46(b)(9) of the DTPA.

E.    UPC breached an express warranty that the damages caused by wind and hail would be covered under the Policy. This breach entitles Plaintiff to recover under sections 17.46(b)(12) and (20) and 17.50(a)(2) of the DTPA.

F.    UPC's actions are unconscionable in that UPC took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree. UPC's unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

G.    UPC's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

50.    Each of the above-described acts, omissions, and failures of UPC is a producing cause of Plaintiff's damages. All of the above-described acts, omissions, and failures were committed "knowingly" and "intentionally," as defined by the Texas Deceptive Trade Practices Act.

**FRAUD**

51.    All allegations above are incorporated herein.

52.    UPC is liable to Plaintiff for common-law fraud.

53.    Each and every misrepresentation described above concerned material facts that absent such representations, Plaintiff would not have acted as Plaintiff did, and UPC knew its representations were false or made recklessly without any knowledge of their truth as a positive assertion.

54.   UPC made the statements intending that Plaintiff act upon them.  Plaintiff then acted in reliance upon the statements, thereby causing Plaintiff to suffer injury constituting common-law fraud.

## CAUSES OF ACTION AGAINST DEFENDANT MATTHEW WELCH

### NONCOMPLIANCE WITH THE TEXAS INSURANCE CODE: UNFAIR SETTLEMENT PRACTICES

55.   All allegations above are incorporated herein.

56.   Welch's conduct constitutes multiple violations of the Texas Insurance Code, Unfair Claim Settlement Practices Act.  TEX. INS. CODE §541.060(a).

57.   Welch is individually liable for his unfair and deceptive acts, irrespective of the fact that he was acting on behalf of UPC, because Welch is a "person," as defined by TEX. INS. CODE §541.002(2).

58.   Welch knowingly underestimated the amount of damage to the Property. As such, Welch failed to adopt and implement reasonable standards for the investigation of the claim arising under the Policy.  TEX. INS. CODE §542.003(3).

59.   Furthermore, Welch did not attempt in good faith to affect a fair, prompt, and equitable settlement of the claim.  TEX. INS. CODE §542.003(4).

60.   Welch's unfair settlement practice of failing to provide Plaintiff a prompt and reasonable explanation of the basis in the Policy, in relation to the facts or applicable law, for partial denial of the claim, also constitutes an unfair method of competition and an unfair and deceptive act or practice.  TEX. INS. CODE §541.060(a)(3).

61.   Welch's unfair settlement practice of failing to attempt in good faith to make a prompt, fair, and equitable settlement of the claim, even though liability under the Policy was

reasonably clear, constitutes an unfair method of competition and a deceptive act or practice in the business of insurance. TEX. INS. CODE §541.060(a)(2)(A).

## DTPA VIOLATIONS

62.    All allegations above are incorporated herein.

63.    Welch's conduct constitutes multiple violations of the Texas Deceptive Trade Practices Act ("DTPA"), TEX. BUS. & COM. CODE 17.41–63. Plaintiff is a consumer of goods and services provided by Welch pursuant to the DTPA. Plaintiff has met all conditions precedent to bringing this cause of action against Welch. Specifically, Welch's violations of the DTPA include the following matters:

A.    By this Defendant's acts, omissions, failures, and conduct, Welch has violated sections 17.46(b)(2), (5), and (7) of the DTPA.  Welch's violations include, (1) failure to give Plaintiff the benefit of the doubt, and (2) failure to write up an estimate reflecting the proper repair of Plaintiff's Property when liability has become reasonably clear, which gives Plaintiff the right to recover under section 17.46(b)(2).

B.    Welch represented to Plaintiff that the Policy and his adjusting and investigative services had characteristics or benefits they did not possess, which gives Plaintiff the right to recover under section 17.46(b)(5) of the DTPA.

C.    Welch represented to Plaintiff that the Policy and his adjusting services were of a particular standard, quality, or grade when they were of another, in violation of section 17.46(b)(7) of the DTPA.

D.    Welch's actions are unconscionable in that Welch took advantage of Plaintiff's lack of knowledge, ability, and experience to a grossly unfair degree.   Welch's

unconscionable conduct gives Plaintiff a right to relief under section 17.50(a)(3) of the DTPA; and

E.   Welch's conduct, acts, omissions, and failures, as described in this petition, are unfair practices in the business of insurance in violation of section 17.50(a)(4) of the DTPA.

64.   Each of Welch's above-described acts, omissions, and failures is a producing cause of Plaintiff's damages. All acts, omissions, and failures were committed "knowingly" and "intentionally" by Welch, as defined by the Texas Deceptive Trade Practices Act. TEX. BUS. & COM. CODE 17.45.

## FRAUD

65.   All allegations above are incorporated herein.

66.   UPC assigned or hired Welch to adjust the claim.

a.   Welch had a vested interest in undervaluing the claims assigned to him by UPC in order to maintain his employment. The disparity in the number of damaged items in his report compared to that of Plaintiff's Third-Party Adjuster's is evidence of fraud on the part of Welch. The valuation of damages that were included in Welch's report compared to Plaintiff's Third-Party Adjuster's is also evidence of fraud on the part of Welch.

b.   Furthermore, Welch was aware of Plaintiff's deductible before even visiting the Property to conduct the inspection. Welch had advanced knowledge of what amount of damages he needed to find in order to either deny the claim or find the claim below the deductible.

c.   Welch made misrepresentations as to the amount of damage Plaintiff's Property

sustained as well as misrepresentations regarding how much it would cost to repair the damage to Plaintiff's property.

d. Welch made further misrepresentations to Plaintiff during his inspection. Welch used his expertise to fabricate plausible explanations for why visible damage to Plaintiff's Property would not be covered under the policy. Such misrepresentations include damage to the Property owing from wear and tear, damage from a previous claim, and damage of a type not consistent with the type of claim that was made.

### NEGLIGENCE

67. All allegations above are incorporated herein.

68. Welch was negligent in his actions with regard to his adjusting of Plaintiff's claim and violated the standard of care for an insurance adjuster licensed in the state of Texas. Those failures include one or more of the following acts or omissions:

a. Failure to conduct a reasonable inspection;

b. Failure to include covered damage that would be discovered as a result of reasonable inspection;

c. Failure to identify the proper cause and scope of the damage to Plaintiff's Property;

d. Failure to identify the cost of proper repairs to Plaintiff's Property; and

e. Failure to communicate to Plaintiff the reasons for specific determinations made regarding the inclusion or exclusion of damage to Plaintiff's Property.

69. Welch's acts and/or omissions constitute negligence. His conduct was therefore a proximate cause of the damages sustained by Plaintiff.

70. At all relevant times, Welch was an agent or employee of Defendant UPC.

14

71.   Welch's unreasonable inspection was performed within the course and scope of his duties with Defendant UPC. Therefore, UPC is also liable for the negligence of Welch through the doctrine of respondeat superior.

### GROSS NEGLIGENCE

72.   All allegations above are incorporated herein.

73.   Welch's actions or omissions constitute gross negligence as defined in TEX. CIV. P. & REM. CODE § 41.001 (11)(A) and (B):

    a.   Welch's actions, when viewed objectively from the standpoint of the actor at the time of their occurrence involves an extreme degree of risk, considering the probability and magnitude of potential harm to Plaintiff; and

    b.   Welch had actual, subjective awareness of the risk involved but nevertheless proceeded with conscious indifference to the rights, safety, and/or welfare of Plaintiffs.

74.   Welch intentionally misrepresented the scope and amount of damages on the estimate prepared for Plaintiffs' Property on behalf of UPC. His estimate was to such an extreme degree below what another licensed adjuster would have done in this situation (as evidenced by the Third-Party Adjuster's estimate); it was also in complete disregard for the risk and harm Plaintiff would suffer if the actual damages to the Property were allowed to persist unrepaired.

### KNOWLEDGE

75.   Defendants made each of the acts described above, together and singularly, "knowingly," as defined in the Texas Insurance Code, and each was a producing cause of Plaintiff's damages described herein.

## WAIVER AND ESTOPPEL

76.   Defendants waived and are estopped from asserting any coverage defenses, conditions, exclusions, or exceptions to coverage not contained in any reservation of rights letter to Plaintiff.

## DAMAGES

77.   Since the claim was made, UPC has not properly compensated Plaintiff for all necessary repairs made, which are covered under the Policy.  This has caused undue hardship and burden to Plaintiff.  These damages are a direct result of Defendants' mishandling of Plaintiff's claim in violation of the laws set forth above.

78.   Defendants made the above and other false representations to Plaintiff, either knowingly or recklessly, as a positive assertion, without knowledge of the truth.  Defendants made these false misrepresentations with the intent that Plaintiff act in accordance with the misrepresentations.  Plaintiff then relied on these misrepresentations, including but not limited to those regarding coverage and the cause and scope of damage.  Plaintiff suffered damages as a result.

79.   Plaintiff would show that all of the aforementioned acts, taken together or singularly, constitute the producing causes of damages sustained.  The acts, omissions, failures, and conduct of Defendants have caused Plaintiff's damages, which include, without limitation, costs for all necessary repairs required to be made to Plaintiff's Property, and any investigative and engineering fees incurred.

80.   For breach of contract, Plaintiff is entitled to regain the benefit of Plaintiff's bargain, which is the amount of Plaintiff's claim, consequential damages, together with attorney's fees.

81.   The damage to Plaintiff's Property is currently estimated at $10,614.5.

82.  For noncompliance with the DTPA and Texas Insurance Code, Unfair Settlement Practices, Plaintiff is entitled to actual damages, which include the loss of the benefits owed pursuant to the Policy, court costs, and attorney's fees.  For knowing and intentional conduct of the acts described above, Plaintiff asks for three (3) times Plaintiff's actual damages.  TEX. INS. CODE §541.152 and TEX. BUS. & COM. CODE 17.50(B)(1).

83.  For noncompliance with Texas Insurance Code, Prompt Payment of Claims, Plaintiff is entitled to the amount of Plaintiff's claim, plus an eighteen percent (18%) per annum penalty on that claim, as damages, as well as pre-judgment interest and reasonable attorney's fees.  TEX. INS. CODE §542.060.

84.  For breach of the common-law duty of good faith and fair dealing, Plaintiff is entitled to compensatory damages, including all forms of loss resulting from Defendants' breach of duty, such as additional costs, economic hardship, losses due to nonpayment of money UPC owed, and exemplary damages.

85.  Defendants' breach of the common-law duty of good faith and fair dealing was committed intentionally, with a conscious indifference to Plaintiff's rights and welfare, and with "malice," as that term is defined in Chapter 41 of the Texas Civil Practices and Remedies Code.  These violations are the type of conduct which the State of Texas protects its citizens against by the imposition of exemplary damages.  Therefore, Plaintiff seeks the recovery of exemplary damages in an amount determined by the finder of fact sufficient to punish Defendants for their wrongful conduct and to set an example to deter Defendants and others from committing similar acts in the future.

86. For fraud, Plaintiff is entitled to recover actual and exemplary damages for knowingly fraudulent and malicious representations, along with attorney's fees, interest, and court costs.

87. For the prosecution and collection of this claim, Plaintiff has been compelled to engage the services of the attorneys subscribed to this pleading.  Therefore, under Chapter 38 of the Texas Civil Practices and Remedies Code, sections 541 and 542 of the Texas Insurance Code, and section 17.50 of the DTPA, Plaintiff is entitled to recover a sum for the reasonable and necessary services of Plaintiff's attorneys in the preparation and trial of this action, including any appeals to the Court of Appeals and/or the Supreme Court of Texas.

88. As required by Rule 47(b) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that the damages sought are in an amount within the jurisdictional limits of this Court.  As required by Rule 47(c)(1) of the Texas Rules of Civil Procedure, Plaintiff's counsel states that Plaintiff seeks only monetary relief of $100,000 or less, including damages of any kind, penalties, costs, expenses, pre-judgment interest, and attorney's fees.  This statement from Plaintiff's counsel is made only for the purpose of compliance with Tex. R. Civ. P. 47, and the amount in controversy does not exceed $75,000 at this time. Plaintiff also seeks pre-judgment and post-judgment interest at the highest legal rate.

### REQUESTS FOR DISCLOSURE

89. Under Texas Rules of Civil Procedure 190 and 194, Plaintiff requests that Defendants disclose, within fifty (50) days from the date this request is served, the information or material described in Rules 190.2(b)(6) and 194.2.

## JURY DEMAND

90.     Plaintiff hereby requests a jury trial for all causes of action alleged herein, tried before a
jury consisting of citizens residing in Harris County, Texas.  Plaintiff hereby tenders the
appropriate jury fee.

## PRAYER

Plaintiff prays that Defendants, United Property & Casualty Insurance Company and
Matthew Welch, be cited and served to appear, and that upon trial hereof, Plaintiff, Di Xiang
Zhao, has and recovers from Defendants, United Property & Casualty Insurance Company and
Matthew Welch, such sums as would reasonably and justly compensate Plaintiff in accordance
with the rules of law and procedure, as to actual, consequential, and treble damages under the
Texas Insurance Code and Texas Deceptive Trade Practices Act, and all punitive, additional, and
exemplary damages, as may be found.  In addition, Plaintiff requests the award of attorney's fees
for the trial and any appeal of this case, for all costs of Court expended on Plaintiff's behalf, for
pre-judgment and post-judgment interest as allowed by law; and for any other and further relief,
at law or in equity, to which Plaintiff, Di Xiang Zhao, may show Plaintiff is justly entitled.

Respectfully submitted,

CHAD T WILSON LAW FIRM PLLC

By: /s/ *Chad T. Wilson*

Chad T. Wilson
Bar No. 24079587
Amanda J. Fulton
Bar No. 24077283
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Telephone: (832) 415-1432
Facsimile: (281) 940-2137
eservice@cwilsonlaw.com

19

cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com

ATTORNEYS FOR PLAINTIFF



# MARILYN BURGESS

### HARRIS COUNTY DISTRICT CLERK



## Civil Process Pick-Up Form

## CAUSE NUMBER  2019-74071

**ATY**　　　　**CIV**　　**X**　　　　　**COURT** <u>234</u>

| REQUESTING ATTORNEY/FIRM NOTIFICATION |
|---|
| **\*ATTORNEY: WILSON, CHAD**　　　　　　**PH: 832-415-1432** |
| **\*CIVIL PROCESS SERVER: LDM PROCESS SERVICE**　**BOX FOR PICK UP:** |
| **\*PH: 469-291-5005** |
| **\*PERSON NOTIFIED SVC READY:** |
| **\* NOTIFIED BY:** |
| **\*DATE:** _____ |

Type of Service Document: Citation　　　　Tracking Number  73683275
Type of Service Document: _____　　Tracking Number 736832 67
Type of Service Document: _____　　Tracking Number _____
Type of Service Document: _____　　Tracking Number _____
Type of Service Document: _____　　Tracking Number _____
Type of Service Document: _____　　Tracking Number _____

**Process papers prepared by:** *T. Wimbley*

**Date:**　**10/9/19**

| |
|---|
| **\*Process papers released to:**　SEAN HOLLONBECK |
| *713-269-0403*　　(PRINT NAME) |
| **\*(CONTACT NUMBER)**　　(SIGNATURE) |
| **\*Process papers released by:**　Lisa Thomas |
| 　　(PRINT NAME) |
| 　Lisa Thomas |
| 　　(SIGNATURE) |
| **\* Date:**　10/15　, 2019　Time: _____ AM / PM |

**RECORDER'S MEMORANDUM**
This instrument is of poor quality
at the time of imaging

**Entire document  must be completed**　**(do not change this document)**　Revised 1/3/2019

Certified Document Number: 87647208 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87647208 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated documents are valid. If there is a question regarding the validity of this document and or seal please e-mail support@hcdistrictclerk.com**

10/21/2019 12:03 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 37814838
By: bradley darnell
Filed: 10/21/2019 12:03 PM

CAUSE NO.  201974071

RECEIPT NO.                     0.00      CIV
          **********            TR # 73683275

| PLAINTIFF: ZHAO, DI XIANG | In The   234th |
|---|---|
| vs. | Judicial District Court |
| DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY | of Harris County, Texas |
| | 234TH DISTRICT COURT |
| | Houston, TX |

CITATION

THE STATE OF TEXAS
County of Harris

TO: UNITED PROPERTY & CASUALTY INSURANCE COMPANY (A FLORIDA INSURANCE
    COMPANY) BY SERVING ITS REGISTERED AGENT
    1999  BRYAN STREET   DALLAS  TX  75201
    Attached is a copy of PLAINTIFFS ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 8th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

     YOU HAVE BEEN SUED. You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

     This citation was issued on 9th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                        MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                            Harris County, Texas
455  EAST MEDICAL CENTER BLVD                201 Caroline, Houston, Texas 77002
SUITE 555                                    (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                          Generated By: WIMBLEY, TAHJ MESHAE   LS1//31351266
Bar No.: 24079587

OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 12 o'clock P.M., on the 9 day of October, 2009

Executed at (address) 1999 bryan st 900 dallas tx _____ in

dallas _____ County at 1015 o'clock A.M., on the 11 day of October,

2019, by delivering to united property & casualty insurance co - _____ defendant, in person, a
bran ct corp system

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this _____ day of _____, _____.

FEE: $ 75

_____                    _____ of _____ County, Texas

Patricia J. Halstead 11678 8-70          By _____
    Affiant                                      Deputy

On this day, Patrise Halstead _____, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited in the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 21 day of October, 2019

_____
Notary Public

HEATHER L. BORK
Notary Public, State of Texas
Comm. Expires 03-14-20__
Notary ID 1293_____

*73683275*

Certified Document Number: 87704388 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:      87704388 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/5/2019 6:06 PM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38256508
By: bradley darnell
Filed: 11/5/2019 6:06 PM

CAUSE NO.  2019-74071

RECEIPT NO.                              0.00    CIV
          *********                      TR # 73683267

PLAINTIFF: ZHAO, DI XIANG                In The  234th
                vs.                      Judicial District Court
DEFENDANT: UNITED PROPERTY & CASUALTY INSURANCE COMPANY      of Harris County, Texas
                                         234TH DISTRICT COURT
                                         Houston, TX

                              CITATION

THE STATE OF TEXAS
County of Harris

TO: WELCH, MATTHEW

    11542  GOLD NUGGET   COLLEGE STATION TX  77845
    Attached is a copy of PLAINTIFF'S ORIGINAL PETITION JURY DEMAND AND REQUEST FOR DISCLOSURE

This instrument was filed on the 8th day of October, 2019, in the above cited cause number
and court. The instrument attached describes the claim against you.

    YOU HAVE BEEN SUED, You may employ an attorney. If you or your attorney do not file a
written answer with the District Clerk who issued this citation by 10:00 a.m on the Monday
next following the expiration of 20 days after you were served this citation and petition,
a default judgment may be taken against you.

TO OFFICER SERVING:

    This citation was issued on 9th day of October, 2019, under my hand and
seal of said Court.

Issued at request of:                    MARILYN BURGESS, District Clerk
WILSON, CHAD TROY                        Harris County, Texas
455  EAST MEDICAL CENTER BLVD            201 Caroline, Houston, Texas 77002
SUITE 555                                (P.O. Box 4651, Houston, Texas 77210)
WEBSTER, TX  77598
Tel: (832) 415-1432                      Generated By: WIMBLEY, TAHJ MESHAE   151/11351266
Bar No.: 24079587

                 OFFICER/AUTHORIZED PERSON RETURN

Came to hand at 5:00 o'clock P.M., on the 19 day of October 2019.

Executed at (address) 11542 Gold Nugget Colg Staten, TX in

Brazos County at 5:45 o'clock P.N., on the 22 day of October

2019, by delivering to Matthew Welch defendant, in person, a

true copy of this Citation together with the accompanying _____ copy(ies) of the Petition

attached thereto and I endorsed on said copy of the Citation the date of delivery.
To certify which I affix my hand officially this 22 day of October 2019.

FEE: $ _____
                                   Rot Olse

                                   of Brazos County, Texas

                                   by Robert Olsen
                                      Deputy Lic.# SCH2368
                                              Exp. 11-30-20

On this day, Robert Olsen, known to me to be the person whose
signature appears on the foregoing return, personally appeared. After being by me duly sworn,
he/she stated that this citation was executed by him/her in the exact manner recited on the
return.

SWORN TO AND SUBSCRIBED BEFORE ME, on this 22 day of October 2019.

                                   Notary Public

N.INI.CITR.P                    *73683267*

BOBBY JOE POWERS
My Notary ID # 128610305
Expires May 11, 2023

Certified Document Number: 87952489 - Page 1 of 1



I, Marilyn Burgess, District Clerk of Harris
County, Texas certify that this is a true and
correct copy of the original record filed and or
recorded in my office, electronically or hard
copy, as it appears on this date.
Witness my official hand and seal of office
this   November 13, 2019

Certified Document Number:        87952489 Total Pages:  1

Marilyn Burgess, DISTRICT CLERK
HARRIS COUNTY, TEXAS

**In accordance with Texas Government Code 406.013 electronically transmitted authenticated
documents are valid. If there is a question regarding the validity of this document and or seal
please e-mail support@hcdistrictclerk.com**

11/5/2019 9:48 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38226111
By: bradley darnell
Filed: 11/5/2019 9:48 AM

## CAUSE NO: 2019-74071

| | | |
|---|---|---|
| **DI XIANG ZHAO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MATTHEW WELCH** | § | **234**<sup>TH</sup> **JUDICIAL DISTRICT** |

## DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S ELECTION OF LEGAL RESPONSIBILITY UNDER SECTION 542A.006 OF THE TEXAS INSURANCE CODE

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC"), and files its *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code* ("Election") as follows:

### I.
### RELEVANT BACKGROUND

1.     Plaintiff DI XIANG ZHAO ("ZHAO" or "Plaintiff") filed a claim with Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC"), and claim number 2019TX122428 was adjusted by one or more individuals at UPC's request, including Defendant MATTHEW WELCH ("WELCH"). For purposes of this Election, WELCH is considered UPC's "agent" under Texas Insurance Code section 542.A.001, which defines the term "agent" as an employee, agent, representative, or adjuster who performs any act on UPC's behalf.

2.     On October 8, 2019, Plaintiff filed this action on claim number 2019TX122428, naming UPC and WELCH as Defendants.

## II.
## ELECTION

3.      Under section 542A.006(a) of the Texas Insurance Code, Defendant UNITED

PROPERTY & CASUALTY INSURANCE COMPANY hereby elects to accept legal

responsibility for whatever liability Defendant MATTHEW WELCH might have to Plaintiff for

his acts or omissions related to claim number 2019TX122428, and by this pleading, Plaintiff is

provided written notice of UPC'S Election.

## III.
## DISMISSAL OF DEFENDANTS WITH PREJUDICE

4.      Under section 542A.006(c) of the Texas Insurance Code and based on UNITED

PROPERTY & CASUALTY INSURANCE COMPANY'S Election, this Court "shall dismiss"

this action against MATTHEW WELCH with prejudice.  Defendant UNITED PROPERTY &

CASUALTY INSURANCE COMPANY hereby requests the Court enter all such documents

necessary to effectuate this dismissal with prejudice, and accordingly files a proposed order

simultaneously herewith.

## IV.
## PRAYER

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY &

CASUALTY INSURANCE COMPANY prays this Election be filed with the records of this

cause and that Defendant MATTHEW WELCH be dismissed from this action with prejudice as

mandated under Chapter 542A of the Texas Insurance Code, and for all other and further relief to

which the Court deems UNITED PROPERTY & CASUALTY INSURANCE COMPANY

entitled.

Respectfully submitted,

**LEWIS BRISBOIS BISGAARD & SMITH LLP**

_/ s / Sarah Smith_
Sarah R. Smith
Texas Bar No: 24056346
Gene M. Baldonado
Texas Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Phone: (713) 659-6767
Fax:    (713) 759-6830
sarah.smith@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT UNITED
PROPERTY & CASUALTY INSURANCE
COMPANY

## CERTIFICATE OF SERVICE

I hereby certify that a true and correct copy of the above pleading was served on all counsel of record by electronic filing, certified mail, and/or facsimile on this 5th day of November, 2019.

Chad T. Wilson                                    ***Via Eservice***
Amanda J. Fulton
CHAD T. WILSON LAW FIRM PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Phone: (832) 415-1432
Fax:    (281) 940-2137
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com
eservice@cwilsonlaw.com
*Attorneys for Plaintiff*

_/s/ Sarah R. Smith_
Sarah R. Smith

3

CAUSE NO:  2019-74071

| | | |
|---|---|---|
| DI XIANG ZHAO | § | IN THE DISTRICT COURT OF |
| | § | |
| | § | |
| | § | |
| VS. | § | HARRIS COUNTY, TEXAS |
| | § | |
| UNITED PROPERTY & CASUALTY | § | |
| INSURANCE COMPANY AND | § | |
| MATTHEW WELCH | § | 234TH JUDICIAL DISTRICT |

## ORDER OF DISMISSAL WITH PREJUDICE OF DEFENDANT MATTHEW WELCH

On this day, the Court considered the *Election of Legal Responsibility Under Section 542A.006 of the Texas Insurance Code* (the "Election") filed by Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY. UNITED PROPERTY & CASUALTY INSURANCE COMPANY has elected to accept legal responsibility in the manner required under 542A.006 of the Texas Insurance Code.

It is therefore ORDERED, ADJUDGED, AND DECREED that all claims and causes of action brought against Defendant MATTHEW WELCH in the above referenced cause are hereby dismissed with prejudice to refiling of the same. Any and all relief sought against Defendant MATTHEW WELCH not contained herein is hereby DENIED with prejudice.

It is further ORDERED that costs of court herein and any related claim or cause of action brought against Defendant MATTHEW WELCH shall be borne by the party incurring same.

SIGNED this_____ day of _____, 2019.

_____
JUDGE PRESIDING

11/11/2019 8:26 AM
Marilyn Burgess - District Clerk Harris County
Envelope No. 38375926
By: bradley darnell
Filed: 11/11/2019 8:26 AM

**CAUSE NO: 2019-74071**

| | | |
|---|---|---|
| **DI XIANG ZHAO** | § | **IN THE DISTRICT COURT OF** |
| | § | |
| | § | |
| | § | |
| **VS.** | § | **HARRIS COUNTY, TEXAS** |
| | § | |
| **UNITED PROPERTY & CASUALTY** | § | |
| **INSURANCE COMPANY AND** | § | |
| **MATTHEW WELCH** | § | **234TH JUDICIAL DISTRICT** |

**DEFENDANT UNITED PROPERTY & CASUALTY INSURANCE COMPANY'S
ORIGINAL ANSWER TO PLAINTIFF'S ORIGINAL PETITION WITH
REQUEST FOR DISCLOSURES**

TO THE HONORABLE JUDGE OF SAID COURT:

COMES NOW, UNITED PROPERTY & CASUALTY INSURANCE COMPANY, Defendant in the above-entitled and numbered cause and files this, its *Original Answer to Plaintiff's Original Petition with Request for Disclosures* and would respectfully show unto the Court the following:

**I.
GENERAL DENIAL**

1.      Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY ("UPC")  asserts a general denial as is authorized by Rule 92 of the Texas Rules of Civil Procedure, and requests that Plaintiff be required to prove his charges and allegations against UNITED PROPERTY & CASUALTY INSURANCE COMPANY by a preponderance of the evidence as is required by the Constitution and law of the State of Texas.

**II.
DEFENSES**

2.      Defendant UPC denies that the required conditions precedent were performed and/or occurred.

3. The damages allegedly sustained by Plaintiff may have been the result of actions or omissions of individuals over whom UPC had no control, including but not limited to Plaintiff, therefore, UPC is not liable to Plaintiff.

4. UPC issued a policy of insurance to DI XIANG ZHAO, and UPC adopts its terms, conditions and exclusions as if copied *in extenso*.

5. The Policy does not cover wear and tear, marring, deterioration, mechanical breakdown, latent defect, inherent vice or any quality in property that causes it to damage or destroy itself.

6. The Policy requires direct, physical loss.

7. UPC is entitled to any credits or set-offs for prior payments by UPC or other third parties.

8. To the extent that Plaintiff's damages are determined to be the result of a failure by Plaintiff to take reasonable steps to mitigate the loss, those damages are not recoverable.

9. Plaintiff's extra-contractual claims alleging bad faith fail because a *bona fide* controversy existed and continues to exist concerning Plaintiff's entitlement, if any, to insurance benefits.

10. To the extent that all statutory and policy requisites have not been satisfied, this suit is premature.

11. Plaintiff's extra-contractual claims alleging bad faith fail because a finding of the existence of coverage for Plaintiff's underlying insurance claim is necessary to establish any basis for Plaintiff's extra-contractual, Insurance Code, and Deceptive Trade Practices Act claims. Because Plaintiffs' allegations are generally based on Defendant's alleged failure to investigate the clam and pay policy benefits, the existence of any applicable exclusions precludes Plaintiffs'

extra-contractual, Insurance Code, and Deceptive Trade Practices Act claims.

## III.
## REQUEST FOR DISCLOSURES

12.     Pursuant to Rule 194, Plaintiff is requested to disclose the information or material described in Rule 194.

## IV.
## PRAYER FOR RELIEF

WHEREFORE, PREMISES CONSIDERED, Defendant UNITED PROPERTY & CASUALTY INSURANCE COMPANY, respectfully prays that Plaintiff DI XIANG ZHAO take nothing by his suit, that Defendant recovers costs, and for such other and further relief, both at law and in equity, to which Defendant may be justly entitled.


Respectfully Submitted,

LEWIS BRISBOIS BISGAARD & SMITH LLP


By: */s/ Sarah R. Smith*

Sarah R. Smith
Texas State Bar No. 24056346
Gene M. Baldonado
Texas State Bar No. 24071065
24 Greenway Plaza, Suite 1400
Houston, Texas 77046
Telephone: 713.659.6767
Facsimile: 713.759.6830
sarah.smith@lewisbrisbois.com
gene.baldonado@lewisbrisbois.com

ATTORNEYS FOR DEFENDANT
UNITED PROPERTY & CASUALTY
INSURANCE COMPANY

## <u>CERTIFICATE OF SERVICE</u>

This is to certify that a true and correct copy of the above pleading has been forwarded pursuant to the Texas Rules of Civil Procedure on this 11th day of November, 2019.

Chad T. Wilson                                             *Via eService*
Amanda J. Fulton
Chad T. Wilson Law Firm PLLC
455 East Medical Center Blvd., Suite 555
Webster, Texas 77598
Phone: (832) 415-1432
Fax:     (281) 940-2137
cwilson@cwilsonlaw.com
afulton@cwilsonlaw.com
eservice@cwilsonlaw.com
*Attorneys for Plaintiff*

                                                          */s/ Sarah R. Smith*
                                                          Sarah R. Smith

**HCDistrictclerk.com**          ZHAO, DI XIANG vs. UNITED PROPERTY &          11/13/2019
CASUALTY INSURANCE COMPANY
Cause: 201974071          CDI: 7          Court: 234

## DOCUMENTS

| Number | Document | Post Jdgm | Date | Pgs |
|---|---|---|---|---|
| 88024359 | Defendant United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition with Request for Disclosures | | 11/11/2019 | 4 |
| | Defendant United Property & Casualty Insurance Company's Original Answer to Plaintiff's Original Petition with Request for Disclosures | | 11/11/2019 | |
| 87935653 | Defendant United Property & Casualty Insurance Company's Election of Legal Responsibility Under Section 542A.006 of The Texas Insurance Code | | 11/05/2019 | 3 |
| ·> 87935654 | Proposed Order of Dismissal with Prejudice of Defendant Matthew Welch | | 11/05/2019 | 1 |
| 87952489 | Citation | | 11/05/2019 | 1 |
| 87704388 | Citation | | 10/21/2019 | 1 |
| 87647208 | Civil Process Pick-Up Form | | 10/09/2019 | 1 |
| 87512044 | PLAINTIFF'S ORIGINAL PETITION, JURY DEMAND, AND REQUEST FOR DISCLOSURE | | 10/08/2019 | 20 |
| ·> 87512045 | Request for issuance of service | | 10/08/2019 | 2 |

**Harris County Docket Sheet**

# 2019-74071

**COURT:** 234th
**FILED DATE:** 10/8/2019
**CASE TYPE:** Debt/Contract - Consumer/DTPA



### ZHAO, DI XIANG

Attorney: WILSON, CHAD TROY

### vs.

### UNITED PROPERTY & CASUALTY INSURANCE COMPANY

Attorney: SMITH, SARAH RUSSELL

| Docket Sheet Entries | |
| --- | --- |
| Date | Comment |